UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO AMESQUITA,<br>Plaintiff,<br>v.<br>ANDERSON,<br>Defendant. | Case No. 2:26-cv-3503-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendants violated his rights by failing to protect him from an attack by another inmate and by denying him due process when he was terminated from his prison job. The complaint, as articulated, does not state a cognizable claim, and I will dismiss it with leave to amend. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, in July 2026, he was employed as a kitchen worker at California State Prison-Sacramento. ECF No. 1 at 3. He alleges that, on July 2, 2026, he was delivering extra food to the restricted housing unit at the same time an unnamed officer was escorting another inmate in restraints. *Id.* Plaintiff claims that the officer failed to announce the escort and failed to prevent the escorted inmate from kicking him. *Id.* These allegations fail to give rise to a failure to protect claim because there is no allegation that the unnamed officer knew of and disregarded the risk to plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To the contrary, plaintiff alleges that his encounter with the offending inmate was a chance one, that

neither he nor the escorting officer was expecting. And the other inmate's decision to kick him, as alleged, appears to have been a sudden one, to which officers responded quickly. ECF No. 1 at 3 (alleging that, once the restrained inmate kicked plaintiff, an alarm was pushed and the other inmate was taken down).

Plaintiff's second claim is that, after he was attacked in the restricted housing unit, defendant Anderson, unjustifiably and without due process, terminated him from his kitchen worker position. *Id.* at 4. This claim does not implicate any violation of plaintiff's constitutional rights because there is no federal right to a prison job. *See Hamiltonhausey v. Lewis*, No. C 17-1180 WHA (PR), 2017 U.S. Dist. LEXIS 72312, *3-4 (N.D. Cal. May 10, 2017) ("Plaintiff's allegation that Lewis caused him to lose his job also does not state a claim for the violation of his constitutional rights because there is no constitutional right to a job in prison."). And there can be no due process claim here, because such a claim arises only where there is a protected interest. *See Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.").

Plaintiff's complaint is dismissed with leave to amend so that he may address these deficiencies. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE